**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | : : : | CIVIL ACTION NO. 15-6024 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| THE AMERICAN LEGION, et al., | : : | |
| Defendants. | : : | |

     **LYNN FLEMING** commenced an action in New Jersey state court ("State Tort Action") to recover damages for violations of the New Jersey Law Against Discrimination in an employment setting against: (1) The American Legion; (2) American Legion Post 129; and (3) Richard Michael Gatto, also listed as Richard Michael Gato (collectively, "Insureds").  (See dkt. 1-1, State Tort Action Compl., Fleming v. The American Legion, No. 15-1705 (N.J. Super. Ct. Ocean Cnty. June 17, 2015).)  The State Tort Action remains pending and is being actively litigated.  Capitol Specialty Insurance Corporation ("CSIC") allegedly provided insurance coverage to the Insureds.  (See dkt. 1 at 3.)

     **CSIC** brought this separate action in federal court on August 5, 2015, against the Insureds for a judgment declaring that CSIC is not obligated to fully defend and indemnify them in the State Tort Action ("Declaratory Judgment Action").  (Id. at 1–9.) CSIC asserts jurisdiction under 28 U.S.C. § ("Section") 1332.

**A DETERMINATION** by this Court concerning any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Tort Action. Furthermore, CSIC could either: (1) be named in — or move to join — the State Tort Action as a defendant, a third-party defendant, or an interested party; or (2) bring the declaratory-judgment claims in the appropriate state court and seek to have them consolidated with the State Tort Action. As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280–90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); see also Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174–75 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, reasons discussed above).

**THE DECLARATORY JUDGMENT ACTION**: (1) is a declaratory-judgment action involving insurance-coverage issues under state law; (2) concerns issues that are being raised in the State Tort Action; and (3) could be adjudicated by the same judge overseeing the State Tort Action. As a result, the complaint in the Declaratory Judgment Action should be dismissed. See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2–3 (W.D. Pa. Aug. 16, 2007) (declining to exercise jurisdiction over declaratory-judgment action where insured sought indemnification from insurer in pending state court case); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (declining to exercise jurisdiction over declaratory-judgment action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is

2

substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the declaratory-judgment action).  The dismissal will be without prejudice to CSIC to recommence the claims in the Declaratory Judgment Action in the appropriate state court within 30 days, as the limitations period is tolled by the filing of a federal complaint.  See Jaworowski v. Ciasulli, 490 F.3d 331, 333–36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191–95 (1980).

**THE COURT**, in view of the pending State Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation."  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  The preference of the insurer here to proceed in federal court "has no special call on the federal forum."  Id. at 136.  Accordingly, the Court will dismiss the complaint in the Declaratory Judgment Action without prejudice.[1]

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.[2]

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  August 7, 2015

---

[1]  Fleming should have been named in the Declaratory Judgment Action.  See N.J.S.A. 2A:16-56 (stating that when declaratory relief is sought, all persons having an interest that would be affected by the declaration must be made parties to the proceeding).  Fleming's interests would certainly be affected if the Insureds are found to be liable in the State Tort Action, but have no insurance coverage.

[2]  CSIC is advised, as to the claims for declaratory relief, that the Declaratory Judgment Act, Section 2201, "does not and cannot serve as an independent basis for federal jurisdiction." TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).